### WELLS-FARGO EXPRESS CO. v. S. SAMUELS.

#### No. 1270.

**1.  Pleading—Cause of Action on General Demurrer.**

Action for damages for delay in delivery at Galveston by the express company of samples of 100 bales of cotton stored at Whitney, Texas.  It was alleged that the samples were consigned to plaintiff's agent at Galveston, and that plaintiff was damaged $350.82 by the delay.  This averment may be sufficient to admit proof of damages by a fall in the market price of cotton at Galveston, as against a general demurrer.

**2.  Samples of Cotton—Custom of Trade.**

The object of the shipment of samples of cotton from an interior market to the market at Galveston is too well known to require either averment or proof.

**3.  Measure of Damages.**

An express company having incurred liability from delay in the delivery of samples of cotton, the cotton having fallen in price, the measure of damages was only the loss sustained in the market price of cotton during the delay.  It would be competent to show in defense that plaintiff received more for his cotton than it was actually worth at the destined market.

**4.  Practice—Issues.**

There being conflicting testimony on the issue whether the samples had been delivered to the express company for shipment to Galveston as alleged, the issue should have been submitted to the jury.

APPEAL from County Court of Falls County.  Tried below before Hon. WILLIAM SHELTON, County Judge.

This is an appeal from a judgment for $300 recovered by appellee against the express company, damages for delay in the transmission and delivery of the samples of 100 bales of cotton from Whitney to Galveston, Texas.  The opinion gives a sufficient statement.

*Z. I. Harlan,* for appellant.—1.  The petition was insufficient.  Railway v. Cole, 4 Willson C. C., sec 97.

2.  Where a shipment is intended for any special purpose, and special damages are claimed for delay in its transportation and delivery, plaintiff's petition, to be sufficient to authorize a recovery thereof, must allege that the carrier or its agents had notice of this special purpose at the time of the delivery to it for shipment, and that it was important that the shipment should be speedily transported and delivered.  Express Co. v. Darnell, 62 Texas, 639; 2 Willson C. C., secs. 631 and 404; Express Co. v. Battle, 24 S. W. Rep., 353; 5 Texas Civ. App., 532; Railway v. Gilbert, 4 Texas Civ. App., 367.

3.  The cardinal principle in damage suits is that the person injured shall receive compensation commensurate with his loss and no more, and a defendant in a damage suit is entitled to prove any fact that tends to decrease damages or diminish the recovery against it.   Moore v. Anderson, 30 Texas, 225; 1 Suth. on Dam., 17.

*Martin & Eddins,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is a suit by S. Samuels, the appellee, against the appellant, the express company, for $350.82, for damages for delay in the transportation and delivery of one hundred samples of one hundred bales of cotton from Whitney to Galveston, Texas.   Plaintiff was a cotton buyer, and his agent in Whitney bought the one hundred bales of cotton to be sold by plaintiff's cotton broker in Galveston by sample.   The damages sued for arise from the alleged delay in carrying the samples said to have been delivered to defendant by plaintiff's agent, during which time the price of cotton went down.

The trial resulted in a verdict and judgment for plaintiff, from which defendant has appealed.

Some averments of the petition seem to claim as damage the fall in the price of cotton at Whitney, but it alleges that the samples were consigned to plaintiff's broker in Galveston in order to sell the cotton, the cotton represented by the samples being in Whitney.   Appellant insists that its general demurrer should have been sustained, because in such case no damage could result for failure to carry the samples to Galveston in time.   There is a general allegation that plaintiff was damaged by the delay in the shipment of the samples of $350.82, for which plaintiff asks judgment, and this averment may be sufficient to admit proof of such damages by fall in the market price of the cotton at Galveston, as against a general demurrer, but it would have been better pleading to have distinctly predicated the damage on the fall of prices in Galveston, and we suggest that the petition be so amended.   Had it been a special instead of a general demurrer, the court below would have required the amendment, and plaintiff would evidently have so amended.

It is also insisted that the court erred in permitting plaintiff to prove the decline in the price of cotton in the Galveston market between the date the samples should have arrived in Galveston and the time they did arrive, because the suit was for decline in the Whitney market, and because, if the damages were to be determined by the Galveston market, it should have been alleged (but was not) that plaintiff's agent notified defendant's agent in Whitney that the purpose of the shipment of the samples was to sell and realize on the cotton in the Galveston market.   This case will be reversed on other grounds to be noticed hereafter.   The first objection to the proof will doubtless be removed by amendment of the petition, which plaintiff will evidently make before another trial.   The second objection is not tenable.   The object

of the shipment of samples of cotton from an interior market to the market at Galveston is too well known to require either averment or proof.    It is a matter of common information that samples are so shipped to make sales in the market to which the shipment is made, and not for sale of the samples themselves.    It would not be unreasonable to say that the parties contemplated such object by the shipment, and that a breach of the carrier's contract would involve liability for decline in the price of cotton—the bales of cotton represented by the samples. Railway v. Nicholson, 61 Texas, 491.

We think there was error in the exclusion of testimony offered by defendant to prove, or tend to prove, that the cotton in the bales was of an inferior grade and quality to that in the samples.    Plaintiff's injury could only be the loss sustained in the market price of his cotton, to be measured by the depreciation of the price during the time of the delay alleged.    His damages would not be measured by the fall in the price of the samples, but in the cotton—the one hundred bales.    Upon the same ground, we think the court should have admitted testimony offered to show that plaintiff actually received more for his cotton than it was actually worth in the Galveston market.

It was plaintiff's duty to use due care in mitigating the alleged injury done him by defendant and to reduce the damages, and defendant would be relieved of liability to the extent of the price received for the cotton. This right of defendant would be subject to rebuttal by plaintiff, that he would be liable to the purchaser of the cotton on an action of deceit or misrepresentation by the sample sale.    If he should be liable to the purchaser, he would not be also liable to the defendant, as in such case there would be cause for a double recovery against the plaintiff.

Appellant assigns as erroneous the failure of the court to submit in its general charge the question of the delivery of the samples to defendant's agent at Whitney for shipment as alleged, and the refusal to give defendant's requested charge submitting that issue.    There was a conflict of testimony as to the delivery of the samples to the express company or its agent at Whitney for transportation, the testimony adduced by plaintiff tending to establish the fact of such delivery, and that of defendant tending to show that it was not delivered at all for shipment.    The court erred in not submitting the issue distinctly made by the testimony, as requested by the defendant.    It was under no obligation to ship the samples if they had not been delivered to it or its agent for the purpose alleged, and it would in such case not be liable for delay in the shipment. Because of this and other errors mentioned, the judgment of the lower court must be reversed, and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered June 5, 1895.